IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON, | Cause No. CV 16-123-BLG-SPW-CSO |
| Petitioner, | |
| vs. | ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| LEROY KIRKEGARD, et al., | |
| Respondents. | |

This case comes before the Court on Lionel Scott Ellison's application for writ of habeas corpus. Ellison is a state prisoner proceeding pro se.

After reviewing the motion to proceed in forma pauperis and supporting account statement, I find that Ellison has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion will be granted.

The petition, however, should be dismissed for failure properly to exhaust state judicial remedies. Ellison challenges a criminal judgment entered in December 2015 in Montana's Thirteenth Judicial District Court (Yellowstone County). *See* Pet. (Doc. 1) at 1 ¶ 2.[1] Although Ellison cites 28 U.S.C. § 2241 as

---

[1] In addition to challenging the criminal judgment, Ellison asserts that the Montana Supreme Court erred in denying relief on two petitions he filed in that court. He cites *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924 (2013). *See, e.g.*, Pet. (Doc. 1) at 2-3, 7-8. But *Perkins* concerns the standards federal courts are to apply when federal habeas petitioners seek to overcome federal procedural bars. *See id.* at 1928. Neither federal procedural bars nor the standards for overcoming them are binding on the state courts. Moreover, the Court is not

1

the jurisdictional basis of his petition, *see* Pet. (Doc. 1) at 1 (caption), jurisdiction actually lies under 28 U.S.C. § 2254. 28 U.S.C. § 2254(a); *Felker v. Turpin*, 518 U.S. 651, 662, 664 (1996). Regardless, under either § 2254 or § 2241, Ellison must first exhaust in the courts of the State of Montana all the claims he wants to present in this Court. *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980).

Ellison can meet the exhaustion requirement only by using the "remedies available," 28 U.S.C. § 2254(b)(1)(A), through Montana's established procedures for appellate review and/or for collateral attack on criminal judgments. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Neither a writ of supervisory control nor a writ of habeas corpus under state law is "available" in Montana as a means of appealing or collaterally attacking a duly entered criminal judgment. Consequently, Ellison's *pro se* filings in the Montana Supreme Court, *see Ellison v. Kirkegard*, No. OP 16-0273 (Mont. filed Apr. 29, 2016) (petition for writ of habeas corpus); *Ellison v. Jones*, No. OP 15-0453 (Mont. July 29, 2015) (petition for writ of supervisory control), did not properly exhaust any federal habeas claims.

Ellison has a direct appeal pending in the Montana Supreme Court. *See State v. Ellison*, No. DA 16-0105 (Mont. filed Feb. 12, 2016). Direct appeal is one

---

aware of any case authorizing a federal court to exempt a state prisoner from the exhaustion requirement when state judicial remedies remain available, as they do in Ellison's case.

proper vehicle for exhausting federal habeas claims. After the conclusion of direct review, postconviction proceedings in the trial court and, if necessary, the Montana Supreme Court may also be available. At this time, however, it is clear that Ellison has not properly exhausted any of his federal habeas claims. It is equally clear that Montana's established procedure for appellate review, and possibly other remedies as well, remain available to Ellison in the Montana Supreme Court and/or the trial court. He must exhaust such remedies before he files in this Court.

Exhaustion takes time. Ellison believes his situation warrants different treatment because he is innocent. *See* Pet. at 13. But federal habeas courts do not sit to adjudicate guilt or innocence. That responsibility belongs to the trial court. Federal habeas courts sit to determine whether guilt was established by constitutional means. By definition, everyone who files a federal habeas petition challenging his custody on a state criminal judgment alleges his conviction was obtained by unconstitutional means. Ellison's case, therefore, is not distinguishable from the cases of other petitioners. Ellison may file a new federal habeas petition after his available state remedies are exhausted. *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

A certificate of appealability, 28 U.S.C. § 2253(c)(2), also is not warranted. There is no room for debate about the procedural ruling. Whatever the merit of Ellison's claims, he must present them to the state courts in the normal course

before he may proceed in this Court. There is no reason to encourage further federal proceedings at this time. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Based on the foregoing, the Court enters the following:

## ORDER

Ellison's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED without prejudice for failure to exhaust state judicial remedies.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Ellison may object to the Findings and Recommendation within 14 days.[2]

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

28 U.S.C. § 636(b)(1).  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Ellison must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address."  Failure to do so may result in dismissal of his case without notice to him.

DATED this 23rd day of August, 2016.

/s/     Carolyn S. Ostby<br>
United States Magistrate Judge