IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| LIONEL SCOTT ELLISON,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>Respondents. | CV 16–123–BLG–DLC–CSO<br><br>ORDER |

United States Magistrate Judge Carolyn S. Ostby entered her Order, Findings and Recommendations on August 23, 2016, recommending dismissal of Petitioner Lionel Scott Ellison's ("Ellison") application for writ of habeas corpus under 28 U.S.C. § 2254. Ellison timely filed objections and is therefore entitled to de novo review of those Findings and Recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Notwithstanding the above, "[w]here a petitioner's objections constitute

perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

Upon review of the objections, it appears Ellison identifies two objections with Judge Ostby's Findings and Recommendations. First, Ellison objects to United States District Judge Susan Watters presiding over this matter. Ellison states that Judge Watters has personal knowledge over his original criminal case due to her previous position as a state district court judge in Montana's Thirteenth Judicial District Court (Yellowstone County). Ellison thus moves for Judge Watters to recuse herself from this case. However, Ellison's objection and motion are now moot as Judge Watters is no longer assigned to this case. (*See* Doc. 6 (reassigning this case to the undersigned).) Thus, the Court will overrule Ellison's objection and deny his motion as moot.

Upon review of Ellison's second objection, the Court finds that it fails to articulate any specific issue with Judge Ostby's reasoning, and, instead, rehashes the claim of actual innocence raised in the petition. Judge Ostby examined this argument and declined to address it because Ellison has not yet exhausted his state

remedies. The Court agrees with Judge Ostby that Ellison has a direct appeal pending with the Montana Supreme Court. *See State v. Ellison*, No. DA 16-0105 (Mont. filed Feb. 12, 2016). Thus, Ellison has not exhausted his state court remedies. Accordingly, the Court reviews Judge Ostby's Findings and Recommendations for clear error and finds no clear error in the conclusion that Ellison's petition should be dismissed without prejudice.

Lastly, Ellison moves the Court for leave to add additional exhibits in support of his petition. Ellison also moves for a show cause hearing to address these exhibits and his petition. The Court has reviewed these documents and finds that they have been lodged in support of Ellison's argument of actual innocence. The Court will thus deny these motions as moot because they offer nothing to detract from the Court's finding that Ellison has not exhausted his state court remedies.

Accordingly, the Court reviews the remainder of Judge Ostby's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Ostby's Findings and Recommendations (Doc. 5) are ADOPTED IN FULL.

(2) The Petition (Doc. 1) is DISMISSED without prejudice for failure to exhaust state judicial remedies.

(3) Petitioner Lionel Scott Ellison's Motion for Recusal (Doc. 8) is DENIED as moot.

(4) Petitioner Lionel Scott Ellison's Motion to Add Exhibits (Doc. 9) is DENIED as moot.

(5) Petitioner Lionel Scott Ellison's Motion for a Show Cause Hearing (Doc. 10) is DENIED as moot.

(6) The Clerk of Court is directed to enter by separate document a judgment of dismissal.

(7) A certificate of appealability is DENIED.

Dated this 31st day of October, 2016.

Dana L. Christensen, Chief Judge
United States District Court